The State ex rel. Manns, Appellant, *v.* Henson, Judge, et al., Appellees.

[Cite as *State ex rel. Manns v. Henson,* 119
Ohio St.3d 348, 2008-Ohio-4478.]

(No. 2008–0710—Submitted August 26, 2008—Decided September 10, 2008.)

---

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing an inmate's petition for a writ of prohibition. Because the inmate failed to comply with R.C. 2969.25, we affirm.

{¶ 2} Appellant, Tremaine T. Manns, an inmate at Richland Correctional Institution, filed a petition in the Court of Appeals for Richland County for a writ of prohibition to prevent further prosecution in a criminal case. Manns named appellees, Richland County Common Pleas Court Judge James D. Henson, Richland County Prosecuting Attorney James J. Mayer Jr., and Richland County Clerk of Courts Linda H. Frary, as respondents. Manns's petition did not include an affidavit containing a description of each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court, as required by R.C. 2969.25(A). In addition, although Manns filed an affidavit of indigency in which he claimed that he could not pay the fee to file his prohibition action, he did not file the statement required by R.C. 2969.25(C)(1) setting forth his inmate account "for each of the preceding six months, as certified by the institutional cashier." Appellees filed a motion to dismiss, and the court of appeals granted the motion and dismissed the cause.

{¶ 3} This cause is now before the court upon Manns's appeal as of right.

{¶ 4} We affirm the judgment of the court of appeals. It is well settled that " '[t]he requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.' " *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, 883 N.E.2d 438, ¶ 5, quoting *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Manns's belated attempt to file one of the required affidavits does not excuse his noncompliance. *Fortson v. Bradshaw,* 109 Ohio St.3d 250, 2006-Ohio-2291, 846

N.E.2d 1258, ¶ 12. Nor does R.C. 2969.25(A) or (C) permit substantial compliance. See, e.g., *Martin v. Ghee* (Apr. 9, 2002), Franklin App. No. 01AP–1380, 2002 WL 523000, *3 ("R.C. 2969.25 demands strict compliance").

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————————

Tremaine T. Manns, pro se.

James J. Mayer Jr., Richland County Prosecuting Attorney, and Andrew Kvochick, Assistant Prosecuting Attorney, for appellees.