[Cite as *State ex rel. Pough v. McKay*, 2015-Ohio-4642.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. LANCE POUGH, | : | **O P I N I O N** |
| | : | |
| Relator, | : | **CASE NO. 2015-T-0094** |
| | : | |
| - vs - | : | |
| | : | |
| JUDGE W. WYATT McKAY, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writs of Mandamus and Procedendo.

Judgment: Dismissed.

*Lance Pough*, pro se, PID# A653-422, Toledo Correctional Institution, P.O. Box 80003, 2001 East Central Avenue, Toledo, OH 43608 (Relator).

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Respondent).

DIANE V. GRENDELL, J.

{¶1} Before this court is relator, Lance Pough's, August 26, 2015 "Notice of Appeal." Respondent, Judge W. Wyatt McKay, filed a Motion to Dismiss, asserting that Pough's Notice has various procedural deficiencies requiring dismissal. For the following reasons, this matter is dismissed.

{¶2} On August 26, 2015, Pough filed a "Notice of Appeal," captioned with himself as a relator and Judge McKay as a respondent.[1] The Notice states that Pough is "bringing the instant notice of appeal giving notice of his intentions to appeal, by way of writ of mandamus, and [procedendo]" certain actions of the trial court.

{¶3} Judge McKay filed a Motion to Dismiss on August 28, 2015, arguing that the filing was neither a valid notice of appeal nor a properly instituted original action.

{¶4} Pough filed a Reply on September 21, 2015, asserting, inter alia, that the August 26, 2015 "Notice of Appeal" was filed as "notice that he was going to file the writ of mandamus" and was used to "preserve" his rights. He states that the present matter should be construed as an action for a writ of mandamus and procedendo and requests an order from this court directing the trial court to issue a revised sentencing entry informing him of post-release control.

{¶5} While Pough claims in his Reply that he is seeking relief in the form of a writ of mandamus and procedendo, this matter was instituted though a "Notice of Appeal." It is clear, however, that this is not a valid Notice of Appeal, since Pough attached no copy of a judgment from which he would seek an appeal, as is required by Loc.App.R. 3(D)(2).[2]

{¶6} The present matter, even when construed as a request for the issuance of a writ of mandamus and procedendo, must be dismissed. While the "Notice of Appeal" was captioned and filed as if it was an original action, there was no request for relief

---

1. While the clerk of courts filed the matter directly in this court, as would be done in an original action, the caption of the "Notice of Appeal" stated it was being filed in the common pleas court.
2. Moreover, although the body of the Notice states that Pough seeks to appeal an August 4, 2015 Judgment Entry, he has filed a separate Notice of Appeal from that Entry, with a proper docketing statement and caption, in 11th Dist. Case No. 2015-T-0095, and such a matter would be duplicative.

contained within the original filing or assertion as to what clear legal right was being advanced.

{¶7} While Pough raises various new arguments in his Reply, including that a remand is necessary for the court to issue a sentencing entry advising him of post-release control, he did not seek to amend his original filing to be more in line with an appropriate petition for such relief and to give Judge McKay the opportunity to properly respond to such an amendment. The September 21, 2015 filing is made only as a Reply to the State's Motion to Dismiss and does not take the form of either a petition or amended petition for a writ of mandamus and procedendo. *See Myles v. Wyatt*, 62 Ohio St.3d 191, 580 N.E.2d 1080 (1997) (pursuant to R.C. 2731.04, an application for a writ of mandamus must be brought through a petition and dismissal was proper when such proceedings were instituted via a motion rather than petition).

{¶8} Pursuant to Civ.R. 10(A), the caption of a complaint must "include the names and addresses of all the parties," and failure to include such a caption in an original action constitutes grounds for dismissal. *Snype v. Enlow*, 11th Dist. Portage No. 2011-P-0096, 2012-Ohio-1272, ¶ 7. Pough failed to include a proper caption in his "Notice of Appeal" instituting this action.

{¶9} In addition, Pough failed to properly institute the action by complying with the affidavit requirement under R.C. 2969.25. "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). Failure to attach this document to a request for a writ of mandamus or

3

procedendo warrants dismissal, since the requirements of R.C. 2969.25 are mandatory. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47, ¶ 4; *State ex rel. Francis v. Stuard*, 11th Dist. Trumbull No. 2012-T-0045, 2012-Ohio-3041, ¶ 12.

{¶10} In the present case, Pough, who is incarcerated, did not attach an affidavit to his filing instituting this matter. While he subsequently attached an affidavit to his Reply, it has been held that a "belated attempt to file the required affidavit does not excuse [a relator's] noncompliance," since R.C. 2969.25(A) requires that the affidavit be filed "[a]*t the time that an inmate commences a civil action* or appeal against a government entity or employee." (Emphasis sic.) *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 9.

{¶11} Given these extensive procedural deficiencies, we decline to consider the merits of the arguments raised in Pough's Reply.

{¶12} For the foregoing reasons, this matter is dismissed.


THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶13} In the name of judicial economy I would remand this matter for 30 days with directions to relator (or appellant) to cure the deficiencies in his pleadings as he is pro se. The law favors resolution of cases on the merits *Peterson v. Teodosio*, 34 Ohio

4

St.2d 161, 175 (1973). Ohio courts have the ability to allow a relator to cure his pleadings so that matters can proceed.

{¶14} I respectfully dissent.