[Cite as *State ex rel. Swanson v. Dept. of Rehab. & Corr.*, 2018-Ohio-3761.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Richard Swanson, | : | |
| Relator, | : | |
| v. | : | No. 18AP-136 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on September 18, 2018

*Richard Swanson,* pro se.

*Michael DeWine,* Attorney General, and *Jared S. Yee,* for respondent.

IN MANDAMUS
ON OBJECTION TO MAGISTRATE'S DECISION

KLATT, J.

{¶ 1} Relator, Richard Swanson, commenced this original action in mandamus seeking an order compelling respondent, Ohio Department of Rehabilitation and Correction, to properly calculate his sentence. Respondent has filed a motion to dismiss.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate found that relator did not comply with the mandatory requirements of R.C. 2969.25(A) because he failed to list in his

prior actions affidavit all cases he has filed in the past five years. Therefore, the magistrate has recommended that we grant respondent's motion to dismiss.

{¶ 3} Relator has filed an objection to the magistrate's decision. Relator contends he did list all civil actions in the past five years. We disagree.

{¶ 4} In her findings of fact, the magistrate determined that on January 30, 2018, relator filed a second petition for a writ of mandamus in the Cuyahoga County Court of Appeals. Relator does not dispute this finding in his objection to the magistrate's decision. Relator's February 13, 2018 affidavit does not list this action. Therefore, relator has failed to comply with the mandatory requirements of R.C. 2969.25(A). For this reason, we overrule relator's objection.

{¶ 5} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant respondent's motion to dismiss.

*Motion to dismiss granted; writ of mandamus denied.*

TYACK and SADLER, JJ., concur.

## APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.<br>Richard Swanson, | : | |
| | : | |
| Relator, | | |
| | : | |
| v. | | No. 18AP-136 |
| | : | |
| Ohio Department of Rehabilitation<br>and Correction, | | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

### MAGISTRATE'S DECISION
### NUNC PRO TUNC[1]

**Rendered on May 9, 2018**

*Richard Swanson,* pro se.

*Michael DeWine,* Attorney General, and *Jared S. Yee,* for respondent.

### IN MANDAMUS
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 6}  Relator, Richard Swanson, has filed this original action requesting this court issue a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to properly calculate his sentence.

---

[1] This nunc pro tunc magistrate's decision filed May 9, 2018 replaces the magistrate's decision filed April 27, 2018 to correct a clerical error occasioned by the citation to the wrong statutory provisions.  The time for filing objections will run from the date of this filing, May 9, 2018.

Findings of Fact:

{¶ 7}   1. Relator is an inmate currently incarcerated at Marion Correctional Institution.

{¶ 8}   2. On February 22, 2018, relator filed this mandamus action asserting that ODRC had improperly calculated his sentence.

{¶ 9}   3. At the time he filed this mandamus action, relator filed an affidavit of indigency and attached thereto a certified copy of his inmate account setting forth the balance for each of the preceding six months.

{¶ 10} 4. At the time he filed this mandamus action, relator filed a prior actions affidavit asserting that he had filed two civil actions or appeals of civil actions in the state or federal courts within the past five years.

{¶ 11} 5.  Relator failed to include other cases he had filed including a petition for a writ of mandamus filed in the Cuyahoga County Court of Appeals on October 21, 2015, a motion to correct void judgment filed in the underlying criminal case in the common pleas court in 2017, and a second petition for a writ of mandamus also filed in the Cuyahoga County Court of Appeals on January 30, 2018.

{¶ 12} 6. On March 19, 2018, respondent filed a motion to dismiss.

{¶ 13} 7. Relator has not filed a reply to the motion to dismiss and the matter is currently before the magistrate.

Conclusions of Law:

{¶ 14}  Because relator has failed to comply with the mandatory requirements of R.C. 2969.25(A) and because he cannot cure that deficiency at a later date, respondent's motion should be granted and this matter should be dismissed.

{¶ 15} In *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, an inmate, Carlos J. Fuqua, filed in the Allen County Court of Appeals a petition for a writ of habeas corpus. He requested leave to proceed in forma pauperis but he did not file the affidavit required by R.C. 2969.25(A) describing each civil action or appeal of a civil action that he had filed in the previous five years in any state or federal court.

{¶ 16}  Fuqua's prison warden, Jesse J. Williams, moved to dismiss the petition.

{¶ 17}  Fuqua requested leave in the court of appeals to amend his petition with the affidavit required by R.C. 2969.25(A).

{¶ 18} The court of appeals dismissed the petition for habeas corpus and Fuqua appealed as of right to the Supreme Court of Ohio.

The Supreme Court of Ohio, in *Fuqua* at ¶ 9 states:

Fuqua's belated attempt to file the required affidavit does not excuse his non-compliance. See R.C. 2969.25(A), which requires that the affidavit be filed "[*a*]*t the time that an inmate commences a civil action* or appeal against a government entity or employee." (Emphasis added.)

{¶ 19} In *Hawkins v. S. Ohio Corr. Facility,* 102 Ohio St.3d 299, 2004-Ohio-2893, an inmate, Jomo Hawkins, petitioned the Scioto County Court of Appeals for a writ of habeas corpus. However, Hawkins' petition did not contain the R.C. 2725.04(D) commitment papers nor the affidavit required by R.C. 2969.25(A). Later, Hawkins filed an un-notarized statement purporting to be his R.C. 2969.25(A) affidavit.

{¶ 20} Following dismissal of his action, Hawkins appealed as of right to the Supreme Court of Ohio. Citing *Fuqua,* the Supreme Court affirmed the judgment of the court of appeals.

{¶ 21} As set forth in the findings of fact, relator did not include all other cases he had filed in the past five years. Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should dismiss relator's complaint. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).