[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.,* Slip Opinion No. 2019-Ohio-1271.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1271

THE STATE EX REL. SWANSON, APPELLANT, *v.* OHIO DEPARTMENT OF REHABILITATION & CORRECTION, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.,* Slip Opinion No. 2019-Ohio-1271.]

*Mandamus—Inmate failed to comply with filing requirements of R.C. 2969.25(A)— Court of appeals' dismissal of complaint affirmed.*

(No. 2018-1492—Submitted February 19, 2019—Decided April 9, 2019.)

APPEAL from the Court of Appeals for Franklin County, No. 18AP-136, 2018-Ohio-3761.

_____

**Per Curiam.**

{¶ 1} Appellant, Richard Swanson, appeals the Tenth District Court of Appeals' dismissal of his complaint for a writ of mandamus. We affirm.

{¶ 2} On February 22, 2018, Swanson, an inmate at the Marion Correctional Institution, filed a mandamus petition alleging that appellee, the Ohio Department

of Rehabilitation and Correction, had miscalculated his maximum-sentence release date. Swanson attached to his complaint a "Prior Actions Affidavit," executed on February 13, 2018, listing three civil actions he had filed in the previous five years. The list did not include a mandamus action Swanson had filed in the Eighth District Court of Appeals two weeks earlier, on January 30, 2018. *See State ex rel. Swanson v. Cuyahoga Cty. Clerk of Courts*, 8th Dist. Cuyahoga No. 106777, 2018-Ohio-1623, ¶ 1.

{¶ 3} The magistrate assigned to the case, observing that Swanson's list of prior actions was incomplete, recommended that the court of appeals dismiss the complaint for "fail[ure] to comply with the mandatory requirements of R.C. 2969.25(C) [sic]." Two weeks later, the magistrate issued a nunc pro tunc decision indicating that Swanson had failed to comply with R.C. 2969.25(A), not (C). 2018-Ohio-3761, ¶ 14 and fn. 1. On September 18, 2018, the court of appeals overruled Swanson's objection, adopted the magistrate's decision, and dismissed the case. Swanson appealed.

{¶ 4} R.C. 2969.25(A) contains procedural requirements for inmates commencing "a civil action or appeal against a government entity or employee." That phrase is defined as a "civil action that an inmate commences * * * in a court of common pleas, court of appeals, county court, or municipal court." R.C. 2969.21(B)(1)(a). Because this action originated in the court of appeals, it is subject to the terms of R.C. 2969.25(A).

{¶ 5} Under R.C. 2969.25(A), an inmate commencing a civil action in the court of appeals must file an affidavit containing "a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The affidavit must include (1) a brief description of the nature of the civil case or appeal, (2) the case name, case number, and court in which the civil action or appeal was brought, (3) the name of each party, and (4) the outcome of the civil action or appeal. *Id.*

2

{¶ 6} "Compliance with R.C. 2969.25(A) is mandatory, and failure to comply will warrant dismissal." *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, ¶ 3. Moreover, the statute requires strict compliance. *Id*. at ¶ 4; *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47, ¶ 4. For this reason, an affidavit that lists some, but not all, prior actions is subject to dismissal. *Robinson v. LaRose*, 147 Ohio St.3d 473, 2016-Ohio-7647, 67 N.E.3d 765, ¶ 11.

{¶ 7} A proceeding for a writ of mandamus is civil in nature. *State ex rel. Spirko v. Judges of Third Appellate Dist. Court of Appeals*, 27 Ohio St.3d 13, 15, 501 N.E.2d 625 (1986). Because the action was filed in the court of appeals, Swanson was required to include his January 30, 2018 mandamus petition on his list of prior civil actions. The affidavit was incomplete, so the court of appeals correctly dismissed the petition for noncompliance with R.C. 2969.25(A).

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Richard Swanson, pro se.

Dave Yost, Attorney General, and Jared S. Yee, Assistant Attorney General, for appellee.

_____