[Cite as *State ex rel. McAfee v. Cocroft*, 2022-Ohio-3335.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Rodney L. McAfee, | : | |
| Relator, | : | No. 21AP-489 |
| v. | : | (REGULAR CALENDAR) |
| Judge Kimberly Cocroft, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on September 22, 2022

**On brief:** *Rodney L. McAfee*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Thomas W. Ellis*, for respondent.

IN MANDAMUS AND/OR PROCEDENDO
ON RESPONDENTS' MOTION TO DISMISS

MENTEL, J.

{¶ 1} Relator, Rodney L. McAfee, brought this original action seeking a writ of mandamus and/or procedendo ordering respondent, Judge Kimberly Cocroft of the Franklin County Court of Common Pleas, to appoint appellate counsel for him. Respondent has filed a motion to dismiss the action, arguing that this court lacks jurisdiction because Mr. McAfee failed to file the affidavit required by R.C. 2969.25 disclosing all civil actions he has filed in the past five years.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate recommends that we grant the motion.

{¶ 3}  Mr. McAfee filed no objection to the magistrate's decision.  "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).  Our review of the magistrate's decision reveals no error of law or other evident defect.  *See, e.g.*, *State ex rel. Alleyne v. Indus. Comm.*, 10th Dist. No. 03AP-811, 2004-Ohio-4223 (adopting the magistrate's decision where no objections were filed).  We agree with the magistrate's conclusion that Mr. McAfee's failure to file the affidavit mandated by R.C. 2969.25 requires dismissal of this action.  Accordingly, we adopt the decision of the magistrate, grant respondent's motion, and dismiss the complaint for lack of jurisdiction.

*Motion granted; complaint dismissed.*

BEATTY BLUNT and JAMISON, JJ., concur.

_____

# A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Rodney L. McAfee, | : | |
| Relator, | : | |
| v. | : | No. 21AP-489 |
| Judge Kimberly Cocroft, | : | (REGULAR CALENDAR) |
| Respondent.] | : | |

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 24, 2022

*Rodney L. McAfee,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, *Thomas W. Ellis,* for respondent.

### IN MANDAMUS AND/OR PROCEDENDO
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 4}  Relator, Rodney L. McAfee, has filed this original action requesting that this court issue a writ of mandamus and/or procedendo ordering respondent, Judge Kimberly Cocroft, to compel respondent to appoint relator appellate counsel. Respondent has filed an October 26, 2021, motion to dismiss.

Findings of Fact:

{¶ 5}   1. Relator is an inmate incarcerated at Lorain Correctional Institution.

{¶ 6}   2. Respondent is a judge in the Franklin County Court of Common Pleas.

{¶ 7}   3. On September 30, 2021, relator filed the instant mandamus and/or procedendo action asking this court to order respondent to appoint relator appellate counsel in Franklin C.P. No. 17CR-5750, over which respondent presided.

{¶ 8}   4. At the time relator filed this mandamus action, he did not file an affidavit of prior actions as required by R.C. 2969.25(A).

{¶ 9}   5. On October 26, 2021, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6) based upon relator's failure to comply with R.C. 2969.25(A).

Conclusions of Law:

{¶ 10} The magistrate recommends that this court grant respondent's motion to dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(A).

{¶ 11} A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 12} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years. R.C. 2969.25(A) provides:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The

affidavit shall include all of the following for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25 (A)(1) through (4).

{¶ 13} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621. Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ 14} In the present case, relator failed to file an affidavit as required by R.C. 2969.25(A).

{¶ 15} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with the mandatory filing requirements of R.C. 2969.25(A), this court should grant respondent's motion to dismiss relator's complaint for writ of mandamus and/or procedendo.

/S/ MAGISTRATE
THOMAS W. SCHOLL III


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).