[Cite as *State ex rel. Harris v. Bobby*, 2024-Ohio-1171.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE EX REL. BYRON HARRIS,

Relator,

v.

DAVID BOBBY et al.,

Respondents.

---

**OPINION AND JUDGMENT ENTRY**
**Case No.  23 MA 0060**

---

Writ of Mandamus

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges

**JUDGMENT:**
Dismissed.

*Byron Harris*, pro se and

*Atty. Timothy J. Bojanowsk,* Struck Love Bojanowski & Acedo, P.L.C. for Respondents.

Dated:  March 27, 2024

**PER CURIAM.**

{¶1}   Relator Byron Harris has filed this original action for a writ of mandamus to compel prison officials at the Northeast Ohio Correctional Center (NEOCC) to produce public records.  Respondents are Douglas Fender, David Bobby, Yolanda Payne, and CoreCivic, Inc.  Fender is the current warden, Bobby is the former warden, Payne is the grievance coordinator, and CoreCivic owns and operates the NEOCC.  Harris also seeks statutory damages under Ohio's Public Records Act, R.C. 149.43.  The Court dismisses the petition because Harris has failed to file a proper affidavit of his prior civil actions and appeals as required by R.C. 2969.25(A).

{¶2}   R.C. 2969.25(A) requires an inmate who commences a civil action or appeal in the court of appeals against a governmental entity or employee to file an affidavit containing "a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."  The affidavit must include: (1) a brief description of the nature of the civil case or appeal, (2) the case name, case number, and the court in which the civil action or appeal was brought, (3) the name of each party to the civil action or appeal, and (4) the outcome of each civil action or appeal, as stipulated by R.C. 2969.25(A)(1) through (4).

{¶3}   Harris's complaint includes a purported R.C.  2969.25(A) affidavit identifying 14 cases, but not all contain the required information.  Of those 14 cases, 8 are missing necessary details: 4 lack a case number, 5 do not identify the court in which the civil action or appeal was brought, 3 lack a brief description of the nature of the civil case or appeal, 4 do not identify the name of each party to the civil action or appeal, and 2 omit the outcome of the civil action or appeal.

{¶4}   "Compliance with R.C. 2969.25(A) is mandatory, and failure to comply will warrant dismissal." *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, ¶ 3.  Moreover, the statute requires strict compliance. *Id.* at ¶ 4; *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47, ¶ 4.  Where the affidavit of prior actions does not provide all of the information required by R.C. 2969.25, the statute requires dismissal. *State ex rel. Ware v. Walsh*, 159 Ohio St.3d 120, 2020-Ohio-769, *State ex rel. Swanson v. Ohio Dept. of Rehab. & Correction*, 156 Ohio St.3d 408, 2019-Ohio-1271, 128 N.E.3d 193.

Case No. 23 MA 0060

**{¶5}** As indicated, R.C. 2969.25(A) sets forth the content an inmate is required to include in the affidavit and Harris's affidavit here fails to include all the required information, necessitating dismissal. Additionally, Harris's affidavit is invalid as to form. To constitute a valid affidavit, the statement must be signed by the affiant and notarized. *Rababy v. Metter*, 2015-Ohio-1449, 30 N.E.3d 1018, ¶ 10 (8th Dist.). The immutable constraints of time and space preclude any authenticity being attributed to the notarization contained on Harris's affidavit.

**{¶6}** First, the affidavit was notarized on October 18, 2022, a date that precedes the initiation of Harris's complaint on March 13, 2023. It is manifestly impossible for Harris to have sworn to the contents of an affidavit pertaining to a legal action not yet commenced. Second, the notarization indicates that it was executed in Warren County, whereas Harris is incarcerated in the Northeast Ohio Correctional Center located in Mahoning County.

**{¶7}** Accordingly, the Court hereby dismisses Harris's petition for a writ of mandamus. Any and all unresolved motions and filings not specifically addressed herein are hereby dismissed as moot. Costs assessed to Relator Byron Harris. Final order. The clerk of courts is directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

**JUDGE CAROL ANN ROBB**

**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**