[Cite as *State ex rel. Davenport v. Tyack*, 2024-Ohio-2977.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Carlos Davenport, | : | |
| Relator, | : | |
| v. | : | No. 23AP-596 |
| Franklin County Prosecutor [G. Gary Tyack], | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on August 6, 2024

**On brief:** *Carlos Davenport*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Charles R. Ellis*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

JAMISON, J.

{¶ 1} Relator, Carlos Davenport, has commenced this original action seeking a writ of mandamus ordering respondent, Franklin County Prosecutor, G. Gary Tyack, to review and investigate relator's claims in relator's complaint filed in the Franklin County Court of Common Pleas. Respondent has filed a motion to dismiss pursuant to relator's noncompliance with R.C. 2969.25.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this

court grant respondent's motion to dismiss due to relator's failure to comply with the mandatory filing requirements of R.C. 2969.25. Relator filed objections to the decision.

{¶ 3} Relator made several challenges to the United States Constitution, R.C. 2705.02, acts in contempt of court, challenges for dereliction of duty, interfering with civil rights, and so forth. None of these issues are before the court in the review of the magistrate's decision. Our review turns on the law applied by the magistrate when denying the petition for writ of mandamus.

{¶ 4} R.C. 2969.25(C)(1) and (2) provides in relevant part:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) *A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier*;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

(Emphasis added.)

{¶ 5} The Supreme Court of Ohio has stated: "It is well settled that ' "[t]he requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." ' " *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, quoting *State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, ¶ 5, quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, ¶ 5. This court has also noted that "R.C. 2969.25 requires strict compliance." *State ex rel. Walker v. Bolin*, 10th Dist. No. 23AP-156, 2024-Ohio-20, ¶ 15, citing *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. R.C. 2969.25 does not allow for substantial compliance. *Manns* at ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002 Ohio App. LEXIS 1568 (Apr. 9, 2022).

**{¶ 6}** The Supreme Court has consistently affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1). *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St. 3d 314, 2020-Ohio-408, ¶ 8, citing *State ex rel. Muhammad v. State*, 10th Dist. No. 11AP-892, 2012 Ohio App. LEXIS 1950, *3 (May 17, 2012), *aff'd*, 133 Ohio St.3d 508, 2012-Ohio-4767, and *Rogers v. Eppinger*, 154 Ohio St.3d 189, 2018-Ohio-4058, ¶ 12.

**{¶ 7}** Here, appellant failed to file an affidavit of prior civil actions within five years of the present petition. Because relator failed to file an affidavit of prior civil actions, relator has failed to comply with R.C. 2969.25(A). Relator failed to file a notarized affidavit of indigency, and did not file a cashier's statement, form 10.01, certified by the institutional cashier containing all information required by R.C. 2969.25(C)(1) and (2). For these reasons, the complaint for writ of mandamus fails.

**{¶ 8}** Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law and overrules relator's objections to the magistrate's decision. In accordance with the magistrate's decision, we grant respondent's motion to dismiss, and dismiss relator's complaint for a writ of mandamus.

*Objections overruled*;
*motion to dismiss granted*;
*writ of mandamus dismissed.*

MENTEL, P.J., and EDELSTEIN, J., concur.

_____

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Carlos Davenport, | : | |
| Relator, | : | |
| v. | : | No. 23AP-596 |
| Franklin County Prosecutor [G. Gary Tyack], | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on February 27, 2024

---

*Carlos Davenport*, pro se.

*G. Gary Tyack*, Prosecuting Attorney, and *Charles R. Ellis*, for respondent.

---

### IN MANDAMUS
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 9}  Relator, Carlos Davenport, has commenced this original action seeking a writ of mandamus ordering respondent, Franklin County Prosecutor, G. Gary Tyack, to review and investigate relator's claims in relator's complaint filed in the Franklin County Court of Common Pleas. Respondent has filed a motion to dismiss based upon relator's noncompliance with R.C. 2969.25.

Findings of Fact:

{¶ 10} 1. Relator is an inmate incarcerated at Ross Correctional Institution in Chillicothe, Ohio.

{¶ 11} 2. Respondent is the Franklin County Prosecutor. Although relator originally named as respondent in his petition the former Franklin County Prosecutor, Ronald O'Brien, the current Franklin County Prosecutor is G. Gary Tyack.

{¶ 12} 3. On October 3, 2023, relator filed the instant mandamus action asking this court to order respondent to review and investigate relator's claims in a complaint relator filed in the Franklin County Court of Common Pleas.

{¶ 13} 4. Relator did not include with his petition for writ of mandamus a notarized affidavit of prior civil actions instituted within the preceding five years, as required by R.C. 2969.25. Relator did file an affidavit of indigency, but it was unnotarized and did not include a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier or a statement that sets forth all other cash and things of value owned by the inmate at that time, as required by R.C. 2969.25.

{¶ 14} 5. On October 30, 2023, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6), asserting that relator failed to comply with the requirements of R.C. 2969.25.

{¶ 15} 6. On October 30, 2023, relator filed a motion for a 30-day extension of time.

Conclusions of Law:

{¶ 16} The magistrate recommends that this court grant respondent's motion to dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25.

{¶ 17} R.C. 2969.25 provides:

> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The

affidavit shall include all of the following for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

* * *

(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25 (A)(1) through (4), and (C)(1) and (2).

{¶ 18} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is

grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621. Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ 19} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 10th Dist. No. 98AP-177 (Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 20} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet); and Giannelli, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 21} In the present case, relator failed to file an affidavit as required by R.C. 2969.25(A). A review of the online docket for the Franklin County Clerk of Courts

reveals that relator filed a civil action against Judge David Young, Judge Jennifer Brunner, Judge William Klatt, Judge Betsy L. Schuster, Steven Taylor, and the Franklin County Prosecutor, on January 8, 2019, in case No. 19CV-141. He filed the present petition in mandamus on October 3, 2023. Therefore, at the time relator filed the present petition, he was required to file an affidavit of prior civil actions because case No. 19CV-141 was filed within five years of the present petition. Because relator failed to file an affidavit of prior civil actions, relator has failed to comply with R.C. 2969.25(A).

{¶ 22} Furthermore, relator has failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. In this case, in contravention of R.C. 2969.25(C), relator filed a purported affidavit of indigency, but it was not notarized and did not contain a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, or a statement that sets forth all other cash and things of value owned by the inmate at that time. Therefore, relator's failure to comply with R.C. 2969.25(C) is an additional ground for dismissal.

{¶ 23} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with the mandatory filing requirements of R.C. 2969.25, this court should grant respondent's motion to dismiss relator's petition for writ of mandamus. Relator's October 30, 2023 motion for a 30-day extension of time is moot.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

### NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.