[Cite as *State ex rel. Justice v. State*, 2026-Ohio-1467.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Monica G. Justice, | : | |
| Relator, | : | |
| v. | : | No.  25AP-801 |
| State of Ohio, | : | (REGULAR CALENDAR) |
| Respondent.] | : | |

D E C I S I O N

Rendered on April 23, 2026

**On brief:** *Monica G. Justice*, pro se.

**On brief:** *Shayla D. Favor,* Prosecuting Attorney, and *Patrick A. Stevens*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

EDELSTEIN, J.

{¶ 1}  Relator, Monica G. Justice, initiated this original action requesting this court issue a writ of mandamus ordering respondent, the State of Ohio, to serve her with a copy of the July 22, 2025 amended sentencing entry filed in Franklin County Court of Common Pleas case No. 20CR-3470.[1]  Ms. Justice is currently incarcerated at the Ohio Reformatory for Women in connection with that case.

---

[1] Ms. Justice's petition specifically requests the "clerkship of the lower common pleas 'court' of Franklin County, Ohio" be ordered to take such action, which, for purposes of this matter, has been construed as one and the same as the state.

{¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate. Respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted.

{¶ 3} The magistrate issued the appended decision on January 21, 2026, including findings of fact and conclusions of law. In that decision, the magistrate recommended we dismiss this case for failure to comply with R.C. 2969.25(A), which requires that an inmate commencing an action against a government entity or employee in the court of appeals file an affidavit of prior civil actions, and R.C. 2969.25(C), which requires that an inmate who seeks to waive prepayment of appellate filing fees file with her complaint an affidavit of indigency containing a statement that sets forth the balance of the inmate's institutional account for each of the preceding six months, as certified by the institutional cashier, and a statement setting forth all other cash and things of value owned by the inmate at the time of filing. The magistrate also found Ms. Justice's petition procedurally defective because it was not made in the name of the state on the relation of relator, as required by R.C. 2731.04.

{¶ 4} No party has filed objections to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). The case is now before this court for review.

{¶ 5} Based on the foregoing, and following our independent review of the record pursuant to Civ.R. 53, we find the magistrate has properly discerned the relevant facts and appropriately applied the controlling law. Therefore, we adopt the magistrate's decision as our own and grant respondent's motion to dismiss the mandamus action.

*Motion to dismiss granted*;
*action dismissed.*

BEATTY BLUNT and DINGUS, JJ., concur.

———————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Monica G. Justice, | : | |
| Relator, | : | |
| v. | : | No. 25AP-801 |
| State of Ohio, | : | (REGULAR CALENDAR) |
| Respondent.] | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 21, 2026

*Monica G. Justice*, pro se.

*Shayla D. Favor*, Prosecuting Attorney, *Patrick A. Stevens*,
for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 6}   Relator, Monica G. Justice, has commenced this original action seeking a writ of mandamus ordering "Clerkship of the lower Common Pleas 'Court' of Franklin County OHIO" to serve relator a copy of the trial judge David Young's amended sentence entry as docketed on July 22, 2025, in Franklin County Common Pleas case No. 20CR-3470. Respondent "State of Ohio, et al." has filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

Findings of Fact:

{¶ 7}   1. Relator is incarcerated at Dayton Correctional Institution in Dayton, Ohio.

{¶ 8}   2. The case style of relator's petition indicates the respondent is "State of Ohio, et al. Respondents, ATTN: Franklin County Prosecutors Office." The body of the

petition seeks an order from the "Clerkship of the lower Common Pleas 'Court' of Franklin County OHIO."

{¶ 9} 3. The Franklin County Prosecutor's Office has appeared in the case as the attorney for respondent.

{¶ 10} 4. In her petition, relator indicates she is the defendant in the Franklin County Court of Common Pleas case No. 20CR-3470 ("case 20CR-3470"). She requests an order that the "Clerkship of the lower Common Pleas 'Court' of Franklin County OHIO" serve her a copy of the trial judge David Young's amended sentence entry as docketed on July 22, 2025, in case 20CR-3470. She claims that service of the amended sentencing entry is required under appellate, civil, and criminal procedures, and the failure to serve her constitutes a violation of her constitutional rights to due process and equal protection.

{¶ 11} 5. In the past five years, relator has filed at least the following civil actions: (1) petition for writ of mandamus in the Supreme Court of Ohio, *r-lotus: justice, ex rel. the res Monica G. Justice v. Mary-Ellen: O'shaughnessy as Head Clerk and Common Pleas Court Franklin County Ohio*, Case No. 2025-1166; dismissed; (2) petition for writ of mandamus and prohibition in the Supreme Court of Ohio, *~r-lotus: justice as executor, settlor, trustor, etc...of, for "Monica G Justice," et al. v. ^David : Young as Administrative Judge for Common Pleas "Court" Franklin County Ohio*, case No. 2022-1471; dismissed; (3) petition for writ of habeas corpus in the Supreme Court of Ohio, *"Monica G. Justice" et al. & ^r-lotus justice v. ^Dallas: Baldwin, et al. & Franklin County Sheriff's Office, et al.*, case No. 2022-1470; dismissed; and (4) petition for writ of habeas corpus in the Supreme Court of Ohio, *Monica G. Justice, et al. r-lotus: justice v. Dallas: Baldwin, et al.*, case No. 2022-1043; dismissed.

{¶ 12} 6. On October 6, 2025, relator filed the present petition for writ of mandamus.

{¶ 13} 7. On November 6, 2025, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Relator filed a brief responding to respondent's motion to dismiss.

Conclusions of Law:

{¶ 14} The magistrate recommends that this court grant respondent's motion to dismiss this action.

{¶ 15} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 16} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted . . . and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 1998 Ohio App. LEXIS 6250 (10th Dist. Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 17} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 2012-Ohio-1311, ¶ 10 (10th Dist.), quoting *Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.); *see also Myers v. Vandermark*, 2024-Ohio-3205, ¶ 20 (7th Dist.) (finding that when a plaintiff relays information in a complaint and in attachments, that information can be held against the plaintiff in ruling on a Civ.R. 12(B)(6) motion).

{¶ 18} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 2020-Ohio-2690, ¶ 33 (10th Dist.), citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible

on the internet. *See Draughon v. Jenkins*, 2016-Ohio-5364, ¶ 26 (4th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 19} In the present case, respondent raises the following grounds for dismissal: (1) the petition is procedurally defective because relator failed to file an affidavit attesting to her prior civil filings in violation of R.C. 2969.25(A); (2) the petition is procedurally defective because relator failed to file a statement of the balance of her inmate institutional accounts for each of the prior six months, as well as a statement identifying all other cash and things of value by her in violation of R.C. 2969.25(C); (3) the petition is procedurally defective because it has not been made in the name of the state on the relation of the person applying, as required by R.C. 2731.04; and (4) the petition does not allege facts sufficient to establish any of the elements necessary for a writ of mandamus to issue.

{¶ 20} Respondent's first three arguments are dispositive of its motion. R.C. 2969.25(A) provides, in pertinent part, the following:

> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as

frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

. . .

(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier.

R.C. 2969.25.

{¶ 21} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 2002-Ohio-1621 (10th Dist.). Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. *State ex rel. Young v. Clipper*, 2015-Ohio-1351, ¶ 9.

{¶ 22} Here, respondent argues that relator has failed to comply with the requirements in R.C. 2969.25(A) because relator did not file an R.C. 2969.25(A) affidavit of prior civil actions, and relator has filed at least one civil action in the previous five years. The magistrate agrees. Relator has not filed an affidavit of prior civil actions, despite her filing several civil actions in mandamus, prohibition, and habeas corpus against government entities and employees in the Supreme Court of Ohio in the prior five years. Therefore, because relator has failed to file an affidavit of prior civil actions, and

respondent has demonstrated that relator has filed several civil actions in the previous five years, relator's petition for writ of mandamus must be dismissed based upon R.C. 2969.25(A).

{¶ 23} The petition is also procedurally defective because relator failed to file a statement of the balance of her inmate institutional accounts for each of the prior six months, as well as a statement identifying all other cash and things of value by her in violation of R.C. 2969.25(C). Because relator seeks a waiver of filing fees associated with this case, and she has failed to comply with the requirements of R.C. 2969.25(C), the petition must be dismissed.

{¶ 24} Respondent also argues that the petition is procedurally defective because it has not been made in the name of the state on the relation of relator, as required by R.C. 2731.04. That statute provides that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." R.C. 2731.04. A petition for a writ of mandamus may be dismissed for failure to bring the action in the name of the state. *Shoop v. State*, 2015-Ohio-2068, ¶ 10, citing *Blankenship v. Blackwell*, 2004-Ohio-5596, ¶ 34. Here, the case caption indicates that relator is "^r-lotus: justice, ex rel the res 'Monica G Justice Relator c/o #110938 @ 4104 Germantown Pike Dayton, Ohio the state USA (45417)." Although the case caption includes the word "state," it does not appear that the petition was made in the name of the state on the relation of the person applying. Thus, the petition is subject to dismissal on this ground, as well.

{¶ 25} Given the determinations that relator failed to comply with the requirements in R.C. 2969.25(A) and (C) and R.C. 2731.04, and the case must be dismissed on those grounds, the magistrate need not address respondent's remaining basis for dismissal.

{¶ 26} Accordingly, it is the magistrate's decision that this court should grant respondent's motion to dismiss relator's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.