[Cite as *State of Ohio ex rel. Cleavenger v. O'Brien*, 2020-Ohio-3010.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. TODD
CLEAVENGER

    Relator

    v.

HONORABLE TAMMY O'BRIEN,
JUDGE

    Respondent

C.A. No.    29723

ORIGINAL ACTION IN
PROCEDENDO

Dated: May 20, 2020

PER CURIAM.

{¶1} Relator Todd Cleavenger has filed a petition asking this Court for a writ of procedendo ordering Respondent, Judge Tammy O'Brien, to rule on his pending motions. Because Mr. Cleavenger's petition does not comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this action.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Judge O'Brien is a government employee and Mr. Cleavenger, incarcerated in the Richland Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal."). Mr. Cleavenger failed to comply with two requirements.

{¶3} First, an inmate must "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous *five years* in any state or federal court." R.C. 2969.25(A) (emphasis added). Mr. Cleavenger instead filed a listing of the civil actions he has filed over the last *twelve months*, citing to R.C. 2969.25(B). Section (B) provides a mechanism for the reviewing court to determine whether repeated filings over a twelve-month span by a filing inmate are frivolous or malicious; it does not impose any obligations on inmates. *Id.* at (B). Although Mr. Cleavenger's affidavit otherwise satisfies the requirements of R.C. 2969.25(A)(1)–(3), this Court cannot overlook his failure to provide an affidavit covering five years. R.C. 2969.25(A) requires an affidavit of all civil actions or appeals the inmate filed over the five years prior to filing the present action. Mr. Cleavenger's affidavit only covers twelve months. It is, therefore, insufficient.

{¶4} Second, an inmate seeking waiver of filing fees, as Mr. Cleavenger is here, must file an affidavit of indigency. The affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier[.]" R.C. 2969.25(C)(1). The Supreme Court construes these words strictly: an affidavit that "does not include a statement setting forth the balance in [an] inmate account for *each* of the preceding six months" fails to comply with R.C. 2969.25(C)(1). *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2020-Ohio-408, ¶ 6 (emphasis *sic*.). Mr. Cleavenger's affidavit provides his total deposits, average monthly deposit, and average first day balance. It does not provide the balance in the inmate account for *each* of the six months preceding his petition before this Court. "'R.C. 2969.25(C) does not permit substantial compliance[,]'" it requires strict adherence by the filing inmate. *Id.* at ¶ 8, citing *State ex rel. v. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Therefore,

Mr. Cleavenger's affidavit does not comply with the mandatory requirements of R.C. 2969.25(C)(1).

{¶5} Because Mr. Cleavenger did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. Cleavenger. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

_____
LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

TODD CLEAVENGER, Pro se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Respondent.