[Cite as *State ex rel. Guyton v. Jones*, 2021-Ohio-430.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. JUSTIN
GUYTON

    Relator

    v.

JUDGE CORRIGALL JONES

    Respondent

C.A. No.    29893

ORIGINAL ACTION IN
PROCEDENDO

Dated: February 17, 2021

PER CURIAM.

{¶1}    Relator Justin Guyton has filed a complaint seeking a writ of procedendo asking this Court to order Respondent, Summit County Common Pleas Court Judge Corrigall Jones, to rule on a pending motion. Respondent has moved to dismiss, arguing that the outstanding motion has been ruled on. Because Mr. Guyton's petition does not comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this action.

{¶2}    R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Judge Corrigall Jones is a government employee and Mr. Guyton, incarcerated in the Ohio State Penitentiary, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and

failure to comply with them subjects an inmate's action to dismissal."). Mr. Guyton failed to comply with one requirement.

{¶3} An inmate seeking waiver of filing fees, as Mr. Guyton is here, must file an affidavit of indigency. The affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier[.]" R.C. 2969.25(C)(1). The Ohio Supreme Court has construed these words strictly: an affidavit that "does not include a statement setting forth the balance in [an] inmate account for *each* of the preceding six months" fails to comply with R.C. 2969.25(C)(1). (emphasis *sic*.) *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 6.

{¶4} Mr. Guyton's affidavit only states that he works at the prison and receives $16 per month in pay. He included a statement from the prison cashier, but that statement provides a sixth month average; it does not provide the balance in the inmate account for *each* of the six months preceding his petition before this Court. "'R.C. 2969.25(C) does not permit substantial compliance[;]'" it requires strict adherence by the filing inmate. *Id.* at ¶ 8, citing *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Therefore, Mr. Guyton's affidavit does not comply with the mandatory requirements of R.C. 2969.25(C)(1).

{¶5} Because Mr. Guyton did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. Guyton. The clerk of courts is hereby

directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JUSTIN GUYTON, Pro se, petitioner.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RAYMOND J. HARTSOUGH and JOHN GALONSKI, Assistant Prosecuting Attorneys, for Respondent.