[Cite as *Hogan v. Henderson*, 2023-Ohio-4680.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Tremain Hogan

    Petitioner

v.

Kim Henderson

    Respondent

Court of Appeals No. L-23-1282

**DECISION AND JUDGMENT**

Decided: December 21, 2023

* * * * *

Tremain Hogan, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} In this original action, Relator, Tremain Hogan, has filed a petition seeking a writ of habeas corpus ordering the respondent, Warden Kim Henderson, to release him from the Toledo Correctional Institute, where he is incarcerated. Because relator's petition does not comply with the mandatory requirements of R.C. 2969.25, we dismiss his case sua sponte.

## I. The petition

{¶ 2} Attached to relator's petition are two "Sanction Receipt and Prison Term Orders" ("PRC No. 1" and "PRC No. 2"). They indicate that, following a "sentence of confinement" in a state correctional institution, relator "was released to post-release

control on November 25, 2021 under the supervision of the Ohio Adult Parole Authority."

{¶ 3} According to PRC No. 1, relator was arrested on May 12, 2023—18 months after his release—for violating the terms of his post-release control and placed on a "hold" in the Montgomery County Jail. While incarcerated, relator allegedly committed additional violation(s) of the terms of his post-release control. Following a hearing on June 26, 2023, relator was found guilty and sanctioned to serve "a term of confinement for up to 180 days to be served in MonDay CBCF," a community-based correction facility. Relator was further ordered to "successfully complete" programming there "on or before 1/1/2024."

{¶ 4} In his petition, relator alleges that he was "unsuccessfully terminated" from the CBCF program. And, according to PRC No. 2, a hearing was held on October 4, 2023, after which relator was found to have violated the terms of his post-release control, again, and ordered to serve 204 days in prison, effective October 5, 2023.

{¶ 5} In support of his request for a writ of habeas corpus, relator alleges that he "was not properly notified" that he would receive additional prison time for failing to complete CBCF. Relator alleges that he is being "illegally confined," in violation of R.C. 2929.41("Multiple sentences") and 2967.28 ("Post-release control").

## II. Law and Analysis

{¶ 6} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. "A case must be dismissed if the

2.

inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action." *State of Ohio ex rel. Cleavenger v. O'Brien,* 9th Dist. Summit No. 29723, 2020-Ohio-3010, ¶ 2, quoting *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, 831 N.E.2d 435, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal."). Here, because relator failed to comply with R.C. 2969.25, we dismiss his petition, sua sponte.

{¶ 7} Pursuant to R.C. 2969.25(A), an inmate must "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." As to "each of those" cases, the affidavit "shall include" the following: a brief description of the nature of the civil action or appeal; the case name, case number and the court in which the case was brought; the name of each party to the case; and "the outcome of the civil action or appeal * * * and, if the court so dismissed the action or appeal or made an award of that nature the date of the final order affirming the dismissal or award."

{¶ 8} Relator's petition includes an affidavit that identifies ten cases or appeals filed by him in the last year five years.[1] The list is inadequate in many respects. First, although relator provided a "case name" for all ten cases, as required by R.C.2969.25(A)(2), *none* of the cases identify "the name of each party to the civil action

---

[1] Of the ten cases identified by Hogan, seven of them were filed *after* his arrest in May of 2023 and pertain to his incarceration, including four petitions for a writ of habeas corpus.

3.

or appeal," as required by Section (A)(3). Next, although relator identifies four cases as having been "dismissed," he failed to provide "the date of the final order affirming the dismissal," in violation of R.C. 2969.25(A)(4). And, while relator provides a "bare minimum" description of nine cases by, for example, describing a case as a "declaratory judgment," one case contains no description, in violation of R.C. 2969.25(A)(1). Any of the deficiencies set forth above provide a sufficient basis to dismiss relator's petition. *See, e.g., Rickard v. Buchanan,* 7th Dist. Noble No. 14NO422, 2015-Ohio-1367, ¶ 28.

{¶ 9} Because Relator did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to relator. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

Writ dismissed.

Thomas J. Osowik, J.                           _____
                                                        JUDGE
Gene A. Zmuda, J. _____

                                            _____
Myron C. Duhart, P.J.                         JUDGE
CONCUR.

                                            _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.