[Cite as *State ex rel. Stone v. Ohio Adult Parole Auth.*, 2024-Ohio-1379.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Christopher M. Stone, | : | |
| Relator, | : | |
| v. | : | No. 23AP-626 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on April 11, 2024

**On brief:** *Christopher M. Stone*, pro se.

**On brief:** *Dave Yost,* Attorney General, and *Jennifer Driscoll,* for respondent.

IN MANDAMUS

BEATTY BLUNT, J.

{¶ 1} Relator, Christopher M. Stone, has filed this original action seeking a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA"), to remove him from violent offender duties and remove the imposed sanction time for his alleged parole violations. OAPA has filed a motion to dismiss pursuant to Civ.R. 12(B)(6) based on relator's failure to comply with the requirements of R.C. 2969.25(C).

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action and motion of OAPA to dismiss and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate concluded that, based on relator's failure to comply with the requirements of R.C. 2969.25(C), this court should grant the motion of OAPA to dismiss relator's complaint for a writ of mandamus and dismiss relator's

complaint.

**{¶ 3}**  No objections have been filed to the magistrate's decision.  "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

**{¶ 4}**  Upon review, we have found no error in the magistrate's findings of fact or conclusions of law.  Therefore, we adopt the magistrate's decision as our own, including the findings of fact and the conclusions of law therein.  In accordance with the magistrate's decision, we grant OAPA's motion to dismiss and deny relator's request for a writ of mandamus.. We further find moot relator's motion to transfer this action to the accelerated calendar.

*Motion to dismiss granted;*
*action dismissed.*

MENTEL, P.J., and EDELSTEIN, J., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Christopher M. Stone, | : | |
| Relator, | : | |
| v. | : | No. 23AP-626 |
| [Ohio] Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 21, 2023

*Christopher M. Stone*, pro se.

*David Yost,* Attorney General, and *Jennifer A. Driscoll*, for respondent.

IN MANDAMUS
ON MOTIONS

{¶ 5}  Relator, Christopher M. Stone, has commenced this original action seeking a writ of mandamus ordering respondent, Ohio Adult Parole Authority, to remove him from violent offender duties and remove the imposed sanction time for his alleged parole violations.

Findings of Fact:

{¶ 6}  1. At the time of the filing of his complaint, relator was an inmate incarcerated at Lorain Correctional Facility, in Grafton, Ohio.

{¶ 7}    2. Respondent is a governmental agency responsible for, among other things, the release of criminal offenders from prison.

{¶ 8}    3. On October 16, 2023, relator filed a petition for writ of mandamus, requesting that this court order respondent to remove him from violent offender duties and remove the imposed sanction time for his alleged parole violations. Relator also filed an affidavit of indigency completed by the institutional cashier, which included financial activity from May 15 to September 7, 2023. The affidavit noted that the time period being reported was fewer than the six months required by the Prison Litigation Reform Act because the period of incarceration was less than six months.

{¶ 9}    4. On November 14, 2023, relator filed a motion to transfer to accelerated calendar.

{¶ 10} 5. On November 20, 2023, respondent filed a motion to dismiss relator's complaint based upon noncompliance with R.C. 2969.25(C).

Conclusions of Law:

{¶ 11} The magistrate recommends that this court dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25.

> R.C. 2969.25 provides, in pertinent part:
>
> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier.

R.C. 2969.25 (C)(1).

{¶ 12} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is

grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621. Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a complaint affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ 13} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.'" *Justice v. Jefferson-Pilot Life Ins.*, 10th Dist. No. 98AP-177 (Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 14} In the present case, relator failed to file a cashier's statement with the information required by R.C. 2969.25. Even considering the time period reported in the affidavit was fewer than six months (from May 15 to September 7, 2023) due to relator's shorter period of incarceration, the statement of relator's prisoner account did not set forth the balance in his inmate account for each of the preceding months he had been incarcerated, as required by R.C. 2969.25. Instead, using form DRC 2257, the institutional cashier provided the account balance as of September 7, 2023; the total state pay credited for the report; average monthly state pay for the report period; total funds received from all sources, excluding state pay, for the report period; and total amount spent in inmate's commissary during the same period. None of these amounts set forth the balance in relator's inmate account for each of the preceding months he had been incarcerated. The Supreme Court of Ohio has "affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1)." *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 8. Therefore, relator's failure to comply with R.C. 2969.25(C) requires dismissal. Even if the provided

amounts could be used to calculate a monthly average, the cashier's statement would be insufficient. *See State ex rel. Guyton v. Jones*, 9th Dist. No. 29893, 2021-Ohio-430, ¶ 4 (although inmate's statement from the prison cashier provides a six-month average, it does not provide the balance in the inmate account for each of the six months preceding his petition before the court; R.C. 2969.25(C) does not permit substantial compliance); *State ex rel. Cleavenger v. O'Brien*, 9th Dist. No. 29723, 2020-Ohio-3010, ¶ 4 (although inmate's affidavit provides his total deposits, average monthly deposit, and average first-day balance, it does not provide the balance in the inmate account for each of the six months preceding his petition before this court; thus, it does not comply with R.C. 2969.25(C)); *State ex rel. Clark v. Serrott*, 10th Dist. No. 16AP-411, 2017-Ohio-1139, ¶ 12 (document purporting to show the average deposits and balances for the preceding six months does not comply with R.C. 2969.25(C)).

{¶ 15} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with the mandatory filing requirements of R.C. 2969.25, this court should grant respondent's motion to dismiss relator's complaint for writ of mandamus. Furthermore, given this disposition, relator's motion to transfer the case to the accelerated calendar is denied as moot.

/S/ MAGISTRATE\
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.