**[Cite as *State ex rel. Canales v. Kron*, 2024-Ohio-2825.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Darwin Canales, | : | |
| Relator, | : | |
| v. | : | No. 23AP-738 |
| | : | (REGULAR CALENDAR) |
| Ryan Kron et al., | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on July 25, 2024

**On brief:** *Darwin Canales*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Jennifer A. Driscoll*, for respondents.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

BEATTY BLUNT, J.

{¶ 1} Relator, Darwin Canales, has filed this original action seeking a writ of mandamus ordering respondents, Ryan Kron, Rebecca Vogal, and Reginald B. Ware, to vacate the order finding relator violated the terms of his postrelease control and to enter an order finding insufficient evidence was presented to find him guilty of the charged violation. Respondents have a filed a motion to dismiss relator's petition.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate concluded that relator has failed to comply with the requirements of R.C. 2969.25. Specifically, the magistrate found relator failed to file a cashier's statement with the information required by R.C. 2969.25(C)(1). Accordingly, the

magistrate recommended this court grant the motion to dismiss filed by respondents and dismiss relator's action.

**{¶ 3}** No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

**{¶ 4}** Upon review, we have found no error in the magistrate's findings of fact or conclusions of law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and the conclusions of law therein, and conclude that relator has not shown he is entitled to a writ of mandamus, and his action must be dismissed.

*Writ of mandamus denied;*
*action dismissed.*

JAMISON and LELAND, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Darwin Canales, | : | |
| Relator, | : | |
| v. | | No.  23AP-738 |
| | : | |
| Ryan Kron et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 30,  2024

*Darwin Canales*, pro se.

*David Yost,* Attorney General, and *Jennifer A. Driscoll*, for respondents.

IN MANDAMUS
ON RESPONDENTS' MOTION TO DISMISS

**{¶ 5}**   Relator, Darwin Canales, has commenced this original action seeking a writ of mandamus ordering respondents, Ryan Kron, Rebecca Vogal, and Reginald B. Ware, to vacate the order finding relator violated the terms of his post-release control and to enter an ordering finding insufficient evidence was presented to find him guilty of the charged violation. Respondents have a filed a motion to dismiss relator's petition.

Findings of Fact:

**{¶ 6}**   1. At the time of the filing of his complaint, relator was an inmate incarcerated at Lorain Correctional Facility, in Grafton, Ohio.

{¶ 7} 2. As alleged in relator's December 11, 2023, petition, respondent Kron is a parole officer for the Ohio Adult Parole Authority ("OAPA"), respondent Vogal is a hearing officer for the Ohio Parole Board ("OPB"), and respondent Ware is a supervisor for the OAPA.

{¶ 8} 3. In the petition, relator requests that this court vacate the order finding relator violated the terms of his post-release control and enter an ordering finding insufficient evidence was presented to find him guilty of the charged violation. Relator also filed an affidavit of indigency completed by the institutional cashier, which included financial activity from July 17 to November 22, 2023. The affidavit noted that the period being reported was fewer than the six months required by the Prison Litigation Reform Act because the period of incarceration was less than six months.

{¶ 9} 4. On January 4, 2024, respondent filed a motion to dismiss relator's complaint based upon noncompliance with R.C. 2969.25(C).

Conclusions of Law:

{¶ 10} The magistrate recommends that this court dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25.

> R.C. 2969.25 provides, in pertinent part:
>
> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier.

R.C. 2969.25 (C)(1).

{¶ 11} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is

grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621. Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a complaint affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ 12} Civ.R. 12(B)(1) provides a party may seek to dismiss a cause of action based on lack of jurisdiction over the subject matter of the litigation. When reviewing a judgment on a motion to dismiss under Civ.R. 12(B)(1), a court must determine whether the complaint alleges any cause of action cognizable to the forum. *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 9. "[S]ubject-matter jurisdiction involves 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio- 5567, ¶ 14.

{¶ 13} In the present case, relator failed to file a cashier's statement with the information required by R.C. 2969.25. Even considering the period reported in the affidavit was fewer than six months (from July 17 to November 22, 2023) due to relator's shorter period of incarceration, the statement of relator's prisoner account did not set forth the balance in his inmate account for each of the preceding months he had been incarcerated, as required by R.C. 2969.25. Instead, using form DRC 2257, the institutional cashier provided the account balance as of November 22, 2023; the total state pay credited for the report; average monthly state pay for the report period; total funds received from all sources, excluding state pay, for the report period; and total amount spent in inmate's commissary during the same period. None of these amounts set forth the balance in relator's inmate account for each of the preceding months he had been incarcerated. The Supreme Court of Ohio has "affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1)." *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 8. Therefore, relator's failure to comply with R.C. 2969.25(C) requires dismissal. *See State ex rel. Stone v. Ohio Adult Parole Auth.*, 10th Dist. No. 23AP-626, 2024-Ohio-1379 (using form DRC

2257, the institutional cashier provided the account balance; the total state pay credited for the report; average monthly state pay for the report period; total funds received from all sources, excluding state pay, for the report period; and total amount spent in inmate's commissary during the same period; however, because none of these amounts set forth the balance in relator's inmate account for each of the preceding months he had been incarcerated, dismissal is appropriate); *Morris v. Keith*, 10th Dist. No. 23AP-150, 2024-Ohio-1143 (same); *State ex rel. Walker v. Bolin*, 10th Dist. No. 23AP-156, 2024-Ohio-20 (same). Even if the provided amounts could be used to calculate a monthly average, the cashier's statement would be insufficient. *See State ex rel. Guyton v. Jones*, 9th Dist. No. 29893, 2021-Ohio-430, ¶ 4 (although inmate's statement from the prison cashier provides a six-month average, it does not provide the balance in the inmate account for each of the six months preceding his petition before the court; R.C. 2969.25(C) does not permit substantial compliance); *State ex rel. Cleavenger v. O'Brien*, 9th Dist. No. 29723, 2020-Ohio-3010, ¶ 4 (although inmate's affidavit provides his total deposits, average monthly deposit, and average first-day balance, it does not provide the balance in the inmate account for each of the six months preceding his petition before this court; thus, it does not comply with R.C. 2969.25(C)); *State ex rel. Clark v. Serrott*, 10th Dist. No. 16AP-411, 2017-Ohio-1139, ¶ 12 (document purporting to show the average deposits and balances for the preceding six months does not comply with R.C. 2969.25(C)).

{¶ 14} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with the mandatory filing requirements of R.C. 2969.25, this court should grant respondents' motion to dismiss relator's complaint for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.