[Cite as *State ex rel. Davids v. Bur. of Sentence & Computation*, 2025-Ohio-1560.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Brandon Davids, | : | |
| Relator, | : | No. 24AP-259 |
| v. | : | (REGULAR CALENDAR) |
| The Bureau of Sentence & Computation, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on May 1, 2025

**On brief:** *Brandon Davids*, pro se.

**On brief:** *Dave Yost*, Attorney General, *George Horvath*, and *John H. Bates*, for respondent.

IN MANDAMUS

JAMISON, P.J.

{¶ 1} Relator, Brandon Davids, has filed a mandamus action against respondent, the Bureau of Sentence and Computation ("Bureau"). Davids requests this court issue a writ of mandamus ordering the Bureau to comply with his request for a public record under Ohio's Public Records Act. The Bureau has filed a motion to dismiss Davids' petition.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred this matter to a magistrate. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending that this court grant the Bureau's motion to dismiss. The magistrate recommended dismissal because Davids failed to fully comply with the mandatory filing requirements of R.C. 2969.25.

{¶ 3} Davids has not filed any objections to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that

there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

{¶ 4} Upon review, we have found no error in the magistrate's findings of fact or conclusions of law. Therefore, we adopt the magistrate's decision. In accordance with that decision, we grant the Bureau's motion to dismiss Davids' petition for a writ of mandamus.

*Motion to dismiss granted*;
*action dismissed*.

DORRIAN and BEATTY BLUNT, JJ., concur.

_____

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Brandon Davids, | : | |
| Relator, | : | |
| v. | | No.  24AP-259 |
| | : | |
| The Bureau of Sentence & Computation, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 25, 2024

---

*Brandon Davids*, pro se.

*Dave Yost*, Attorney General, and *Matthew Convery*, for respondent.

---

### IN MANDAMUS
### ON RESPONDENT'S MOTION TO DISMISS

**{¶ 5}**  Relator, Brandon Davids, has filed this original action seeking a writ of mandamus compelling respondent, the Bureau of Sentence and Computation, to provide the requested records to him pursuant to his public-records request under R.C. 149.43(B). Respondent has filed a motion to dismiss relator's petition.

Findings of Fact:

{¶ 6}   1. At the time he filed his petition, relator was an inmate at Richland Correctional Institution, located in Mansfield, Ohio.

{¶ 7}   2. On April 16, 2024, relator filed a petition for writ of mandamus. At the same time he filed his petition, relator filed an affidavit of indigency completed by the institutional cashier. The affidavit includes a cashier's statement that indicates relator's account balance of $4.64 as of March 28, 2024, as well as his total state pay credited for the preceding six months, average monthly state pay for the preceding six months, and total funds received from all sources for the preceding six months.

{¶ 8}   Attached to relator's affidavit of indigency is a document entitled "Court Certification" completed by the institutional cashier, which indicates amounts, as of March 28, 2024, for total deposits, average monthly deposits, total first-day balances, average first day balances, balance as of current date, initial payment, total pay, average total pay monthly deposits, and total commissary expenditures.

{¶ 9}   Also attached to relator's affidavit of indigency is an inmate demand statement, which includes transaction amounts and descriptions, and a running savings balance, debt balance, and payable balance for the date range of September 1, 2023, through March 29, 2024. The demand statement includes no certification or signature.

{¶ 10} 3. On May 15, 2024, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

Conclusions of Law and Discussion:

{¶ 11} The magistrate recommends that this court grant respondent's motion to dismiss.

{¶ 12} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A relator bears the burden of persuasion to show entitlement to a writ of mandamus by clear and convincing evidence. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, ¶ 26. "Clear and convincing evidence" is a measure or degree of proof that is more than a

preponderance of evidence, but it does not extend the degree of certainty beyond a reasonable doubt as required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established. *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720, ¶ 14.

{¶ 13} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10, quoting *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.). In addition, the trial court must presume all factual allegations contained in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

> R.C. 2969.25 provides, in pertinent part:
>
> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C).

{¶ 14} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621. Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a complaint affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ 15} In the present case, relator failed to file a cashier's statement that included the information required by R.C. 2969.25. The cashier's statement of relator's prisoner account did not set forth the balance in his inmate account for each of the preceding months he had been incarcerated, as required by R.C. 2969.25. The cashier's statement indicated relator's account balance of $4.64 as of March 28, 2024, as well as his total state pay credited for the preceding six months, average monthly state pay for the preceding six months, and total funds received from all sources for the preceding six months. Relator also attached a document entitled "Court Certification" completed by the institutional cashier, which indicated amounts, as of March 28, 2024, for total deposits, average monthly deposits, total first-day balances, average first day balances, balance as of current date, initial payment, total pay, average total pay monthly deposits, and total commissary expenditures. Neither the cashier's statement nor the Court Certification specifically sets forth the balance in relator's inmate account for "each" of the preceding months for the relevant period, and none of the included figures in these documents can be construed to set forth the balance in the inmate account of the inmate for each of the preceding six months. R.C. 2969.25(C)(1). *See State ex rel. Stone v. Ohio Adult Parole Auth.*, 10th Dist. No. 23AP-626, 2024-Ohio-1379 (using form DRC 2257, the institutional cashier provided the account balance; the total state pay credited for the report; average monthly state pay for the report period; total funds received from all sources, excluding state pay, for the report period; and total amount spent in inmate's commissary during the same period; however, because none of these amounts set forth the balance in relator's inmate account

for each of the preceding months he had been incarcerated, dismissal is appropriate); *Morris v. Keith*, 10th Dist. No. 23AP-150, 2024-Ohio-1143 (same); *State ex rel. Walker v. Bolin*, 10th Dist. No. 23AP-156, 2024-Ohio-20 (same). Even a monthly average is insufficient. *See State ex rel. Guyton v. Jones*, 9th Dist. No. 29893, 2021-Ohio-430, ¶ 4 (although inmate's statement from the prison cashier provides a six-month average, it does not provide the balance in the inmate account for each of the six months preceding his petition before the court; R.C. 2969.25(C) does not permit substantial compliance); *State ex rel. Cleavenger v. O'Brien*, 9th Dist. No. 29723, 2020-Ohio-3010, ¶ 4 (although inmate's affidavit provides his total deposits, average monthly deposit, and average first-day balance, it does not provide the balance in the inmate account for each of the six months preceding his petition before this court; thus, it does not comply with R.C. 2969.25(C)); *State ex rel. Clark v. Serrott*, 10th Dist. No. 16AP-411, 2017-Ohio-1139, ¶ 12 (document purporting to show the average deposits and balances for the preceding six months does not comply with R.C. 2969.25(C)). The Supreme Court of Ohio has "affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1)." *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 8. Therefore, in the present case, relator's failure to comply with R.C. 2969.25(C) requires dismissal.

{¶ 16} Furthermore, the inmate demand statement that relator submitted with his affidavit of indigency is insufficient to comply with R.C. 2969.25(C)(1). The inmate demand statement includes transaction amounts and descriptions, and a running savings balance, debt balance, and payable balance for the date range of September 1, 2023, through March 29, 2024. Although some of the figures included in this running balance could be construed to satisfy the requirement in R.C. 2969.25(C)(1) of a statement setting forth the balance in the inmate account for each of the preceding six months, the demand statement includes no certification, as specifically required by that section. *See State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 9th Dist. No. 30825, 2023-Ohio-4107, ¶ 9 (the inmate demand statement attached to inmate's affidavit of indigency did not comply with R.C. 2969.25(C)(1) because it was not certified by the institutional cashier), citing *Grinnell v. Cool*, 173 Ohio St.3d, 2023-Ohio-3672, ¶ 7. Therefore, relator's uncertified inmate demand statement does not satisfy the requirement in R.C. 2969.25(C)(1).

{¶ 17} In addition, relator's affidavit of indigency does not contain a statement that sets forth all other cash and things of value he owns as required by R.C. 2969.25(C)(2). *See State ex rel. Sajn v. Vogel*, 10th Dist. No. 23AP-758, 2024-Ohio-1552, ¶ 4, citing *State ex rel. Armengau v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 15AP-1070, 2017-Ohio-368, ¶ 11. Because relator has failed to fully comply with the mandatory requirements of R.C. 2969.25(C)(2), his complaint must also be dismissed on this ground.

{¶ 18} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with the mandatory filing requirements of R.C. 2969.25, this court should grant respondent's motion to dismiss relator's petition for writ of mandamus.


/S/ MAGISTRATE
THOMAS W. SCHOLL III


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.