[Cite as *State ex rel. Thomas v. Dept. of Rehab. & Corr.*, 2025-Ohio-2001.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Shawn Thomas, | : | |
| Relator, | : | |
| | : | No. 24AP-542 |
| v. | : | |
| Ohio Department of Rehabilitation and Correction, | | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

_____

D E C I S I O N

Rendered on June 5, 2025

_____

**On brief:** *Shawn Thomas*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *George R. Horvath*, for respondent.

_____

IN MANDAMUS ON
RESPONDENT'S MOTION TO DISMISS

BOGGS, J.

{¶ 1} Relator, Shawn Thomas, has filed this original action seeking a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to provide records pursuant to a public-records request. ODRC filed a motion to dismiss Thomas's petition.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate correctly found that Thomas failed to comply with the mandatory filing requirements of R.C. 2969.25. Specifically, Thomas failed to file a cashier's statement that set forth the balance of his inmate account for each of the preceding six months he had been incarcerated. Therefore, the magistrate recommends that this court grant ODRC's motion to dismiss.

**{¶ 3}** No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision unless the court determines that there is an error of law or other defect evident on the face of the decision." Civ.R. 53(D)(4)(c).

**{¶ 4}** Upon review, we find no error in the magistrate's findings of fact or conclusions of law. Therefore, we adopt the magistrate's decision, including the findings of fact and the conclusions of law therein, granting ODRC's motion to dismiss.

*Motion to dismiss granted*;
*action dismissed*.

BEATTY BLUNT and MENTEL, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Shawn Thomas, | : | |
| Relator, | : | |
| v. | : | No. 24AP-542 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 30, 2024

*Shawn Thomas*, pro se.

*Dave Yost*, Attorney General, and *George Horvath*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 5} Relator, Shawn Thomas, has filed this original action seeking a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to provide the records he requested pursuant to a public-records request. ODRC has filed a motion to dismiss relator's petition.

Findings of Fact:

{¶ 6} 1. At the time he filed his petition, relator was an inmate at Richland Correctional Institution, located in Mansfield, Ohio.

{¶ 7}   2. ODRC is a governmental agency responsible for, among other things, operating the Ohio prison system.

{¶ 8}   3. On August 29, 2024, relator filed a petition for writ of mandamus. At the same time he filed his petition, relator filed an affidavit of indigency completed by the institutional cashier. The affidavit included a cashier's statement that indicated relator's account balance as of March 21, 2024, as well as his total state pay credited for the preceding six months, average monthly state pay for the preceding six months, and total funds received from all sources for the preceding six months. Relator also included a document entitled "Court Certification" completed by the institutional cashier, which provided amounts, beginning September 22, 2023, and ending March 22, 2024, for total deposits, average monthly deposits, total first day balances, average first day balances, balance as of current date, initial payment, total pay deposits, average total pay monthly deposits, and total commissary expenditures. Furthermore, relator filed an inmate demand statement that provided a running balance of his inmate account from September 1, 2023, through March 22, 2024.

{¶ 9}   4. On September 25, 2024, ODRC filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6).

Conclusions of Law and Discussion:

{¶ 10}  The magistrate recommends that this court grant ODRC's motion to dismiss.

{¶ 11}  In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A relator bears the burden of persuasion to show entitlement to a writ of mandamus by clear and convincing evidence. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, ¶ 26. "Clear and convincing evidence" is a measure or degree of proof that is more than a preponderance of evidence, but it does not extend the degree of certainty beyond a reasonable doubt as required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established. *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720, ¶ 14.

{¶ 12} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10, quoting *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.). In addition, the trial court must presume all factual allegations contained in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

{¶ 13} Civ.R. 12(B)(1) provides a party may seek to dismiss a cause of action based on lack of jurisdiction over the subject matter of the litigation. When reviewing a judgment on a motion to dismiss under Civ.R. 12(B)(1), a court must determine whether the complaint alleges any cause of action cognizable to the forum. *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 9. "[S]ubject-matter jurisdiction involves 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14.

> R.C. 2969.25 provides, in pertinent part:
>
> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier.

R.C. 2969.25 (C)(1).

{¶ 14} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621. Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a complaint affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ 15} In the present case, relator failed to file a cashier's statement that included the information required by R.C. 2969.25. The statement of relator's prisoner account did not set forth the balance in his inmate account for each of the preceding six months he had been incarcerated, as required by R.C. 2969.25. Relator's affidavit of indigency, completed by the institutional cashier, included a cashier's statement that indicated relator's account balance as of March 21, 2024, as well as his total state pay credited for the preceding six months, average monthly state pay for the preceding six months, and total funds received from all sources for the preceding six months. Relator also included a document entitled "Court Certification" completed by the institutional cashier, which indicated amounts, beginning September 22, 2023, and ending March 22, 2024, for total deposits, average monthly deposits, total first day balances, average first day balances, balance as of current date, initial payment, total pay deposits, average total pay monthly deposits, and total commissary expenditures. Relator also filed an inmate demand statement that provided a running balance of his inmate account from September 1, 2023, through March 22, 2024. However, relator filed his petition in this court on August 29, 2024. Thus, because the figures listed in the cashier's statement, Court Certification, and inmate demand statement were for the period ending March 21, 22, and 22, 2024, respectively, and the petition was filed August 29, 2024, none of the documents covers the preceding six-month reporting period as required by R.C. 2969.25(C)(1). *See State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-151, 2021-Ohio-338, ¶ 7 ("preceding" six-month period under R.C. 2969.25 means the period ending on the same numerical day in the concluding month

as the day of the month the petition was filed; R.C. 2969.25 does not require the statement to cover the last full calendar month).

{¶ 16} The magistrate notes that, although relator suggests that he actually mailed his petition on April 2, 2024, and points out that the inmate demand statement shows a postage charge to the Tenth District Court of Appeals on that date, there is nothing to suggest the clerk of courts "sat" on his petition and waited to file it until August 29, 2024, as relator claims. The April 2, 2024, postage charge also does not specify what the postage was used for or when the postage was actually put into use.

{¶ 17} The magistrate further notes that the cashier's statement, the Court Certification, and inmate demand statement fail to set forth the balance in relator's inmate account for "each" of the preceding months for the relevant period. Instead, as explained above, the cashier's statement indicates relator's account balance, his total state pay credited for the report period, average monthly state pay for the report period, and total funds received from all sources for the preceding six months. The Court Certification completed by the institutional cashier provides total deposits, average monthly deposits, total first day balances, average first day balances, balance as of current date, initial payment, total pay deposits, average total pay monthly deposits, and total commissary expenditures. None of these figures "sets forth the balance in the inmate account of the inmate for each of the preceding six months." R.C. 2969.25(C)(1). *See State ex rel. Stone v. Ohio Adult Parole Auth.*, 10th Dist. No. 23AP-626, 2024-Ohio-1379 (using form DRC 2257, the institutional cashier provided the account balance; the total state pay credited for the report; average monthly state pay for the report period; total funds received from all sources, excluding state pay, for the report period; and total amount spent in inmate's commissary during the same period; however, because none of these amounts set forth the balance in relator's inmate account for each of the preceding months he had been incarcerated, dismissal is appropriate); *Morris v. Keith*, 10th Dist. No. 23AP-150, 2024-Ohio-1143 (same); *State ex rel. Walker v. Bolin*, 10th Dist. No. 23AP-156, 2024-Ohio-20 (same). Even a monthly average is insufficient. *See State ex rel. Guyton v. Jones*, 9th Dist. No. 29893, 2021-Ohio-430, ¶ 4 (although inmate's statement from the prison cashier provides a six-month average, it does not provide the balance in the inmate account for each of the six months preceding his petition before the court; R.C. 2969.25(C) does not

permit substantial compliance); *State ex rel. Cleavenger v. O'Brien*, 9th Dist. No. 29723, 2020-Ohio-3010, ¶ 4 (although inmate's affidavit provides his total deposits, average monthly deposit, and average first-day balance, it does not provide the balance in the inmate account for each of the six months preceding his petition before this court; thus, it does not comply with R.C. 2969.25(C)); *State ex rel. Clark v. Serrott*, 10th Dist. No. 16AP-411, 2017-Ohio-1139, ¶ 12 (document purporting to show the average deposits and balances for the preceding six months does not comply with R.C. 2969.25(C)). The Supreme Court of Ohio has "affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1)." *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 8. Even if the running account balance included in the inmate demand statement could be construed as providing the balance for each month, it is not certified by the institutional cashier. Therefore, in the present case, relator's failure to comply with R.C. 2969.25(C) requires dismissal.

{¶ 18} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with the mandatory filing requirements of R.C. 2969.25, this court should grant ODRC's motion to dismiss relator's petition for writ of mandamus.

/S/ MAGISTRATE                                      
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.